MARGARET A. MURPHY, Appellant, *v.* INTERURBAN STREET RAILWAY COMPANY, Respondent.

*Negligence — intentional derailment of a street car to enable it to pass a truck — injury to a passenger therefrom.*

Evidence given upon the trial of an action brought to recover damages for personal injuries, to the effect that while the plaintiff was a passenger on one of the defendant's horse cars the defendant's servants, without warning the passengers or giving them an opportunity of leaving the car, derailed it for the purpose of passing a truck which had blocked the car track, and that the jolting of the car, caused by its running into a rut or hitting some obstruction, threw the plaintiff forward and then backward so that her head struck the side of the car with sufficient force to injure her, requires the submission of the case to the jury and renders it improper for the trial court to nonsuit the plaintiff.

APPEAL by the plaintiff, Margaret A. Murphy, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 14th day of June, 1904, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term.

*Henry Escher, Jr.* [*George F. Elliott* with him on the brief], for the appellant.

*Bayard H. Ames* [*F. Angelo Gaynor* and *Henry A. Robinson* with him on the brief], for the respondent.

MILLER, J.:

The plaintiff appeals from a judgment entered upon a nonsuit. The jury could have found from the evidence that the horse car in which the plaintiff was a passenger was derailed by the defendant's servants for the purpose of getting around a truck which blocked the track; that no warning or opportunity to leave the car was given the passengers; that the jolting of the car, caused by its running into a rut or hitting some obstruction, threw the plaintiff forward, and then backward, so that her head struck the side of the car with sufficient force to cause the injuries for which she sues.

We think that the evidence which would have justified these conclusions required the submission of the case to the jury, and that the dismissal of the complaint was error which requires a reversal of the judgment.

BARTLETT, WOODWARD and RICH, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.